```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
```

Kevin JOHNSON, et al.,

                **Plaintiffs,**

        -against-

**7C'S MAINTENANCE COMPANY, INC.,**

                **Defendant.**

```
---------------------------------------------------------------X
```

12-CV-01621 (RJS)(SN)

**REPORT AND RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE RICHARD J. SULLIVAN:**

On November 15, 2012, the parties appeared before me for a settlement conference and reached an agreement to resolve the case. Upon review of the parties' pleadings and <u>ex parte</u> submissions and based on the confidential discussions with each side, I found that the settlement agreement was fair and reasonable.

The plaintiffs brought his case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>, and New York State Labor Law ("NYLL"). The complaint asserts generally that, during their employment at 7C's Maintenance Company, Inc., the employer failed to pay them minimum wage and overtime pay, required by FLSA and NYLL, as well as the "spread of hours" premium mandated under NYLL. Plaintiffs further allege retaliation and breach of contract as to plaintiff Kevin Johnson, and unjust enrichment as to plaintiff Kevin Johnson.

At the settlement conference, the plaintiffs appeared *pro se* and defendants were represented by counsel. The negotiations were at arms' length. The parties disagreed about whether the defendant was, in fact, the "employer" for purposes under FLSA and NYLL, and the number of hours plaintiffs worked. Upon reaching a settlement agreement, the parties orally consented to its terms. The terms included plaintiffs' affirmation that they would withdraw a bar

complaint against their prior counsel.  In exchange, prior counsel agreed to waive its fees.  According to prior counsel, plaintiffs have not yet withdrawn their complaint.  Plaintiffs are therefore directed to mail or email proof of satisfaction of this collateral agreement to chambers.

The settlement agreement of this case is in the best interests of all parties because it will allow them to avoid the litigation risks and the anticipated burdens and expenses in establishing their respective claims and defenses.

For these reasons, I recommend that the settlement agreement be approved as a fair and reasonable resolution of this case.  See Johnson v. Brennan, 10 Civ. 4712 CM, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) (McMahon, J.) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350 (11th Cir. 1982) (holding that a court may enter a judgment that does not reflect full payment of FLSA back wage or liquidated damage claims if it determines that the amount is a fair and reasonable resolution of a bona fide FLSA dispute).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:  New York, New York
             January 8, 2013

cc:     Kevin Johnson
        169 S. Broadway
        White Plains, NY 10605

        Arturo Vivanco
        169 S. Broadway
        2nd Floor
        White Plains, NY 10605